1:06-mc-01007-JBM-JAG   # 6   Page 1 of 5
1:06-mc-01007-JBM-JAG   # 4   Page 1 of 3

E-FILED
Friday, 17 March, 2006 03:12:17 PM
Friday, 10 March, 2006 10:36:09 AM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## PEORIA DIVISION

JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, )
GERALD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL )
SONGER, CHARLES VELARDO, MATTHEW AUILINE, GREGORY R. )
HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO AND BEN )
CAPP, JR., as Trustees of, and on behalf of, the BRICKLAYERS & )
TROWEL TRADES INTERNATIONAL PENSION FUND, INTERNATIONAL )
MASONRY INSTITUTE, INTERNATIONAL UNION OF BRICKLAYERS )
AND ALLIED CRAFTWORKERS,           Plaintiffs, )
    vs. ) CASE NO. 06-MC-1007
 )
ACME TILE, INC. d/b/a ACME TILE CO., INC., Defendant. )

### CITATION TO DISCOVER ASSETS

To:   Eugene C. Wyman, President, Acme Tile, Inc. d/b/a Acme Tile Co., Inc., 12417 – 5th Street, Pekin, Illinois 61554

YOU ARE COMMANDED to appear before District Judge John Gorman in Room C, Federal Building, United States District Court, Central District of Illinois, 100 N.E. Monroe Street, Peoria, Illinois 61602 on April 13, 2006 at 2:00 p.m. to be examined under oath to discover assets or income not exempt from the enforcement of the judgment herein identified.

A judgment in favor of the above Plaintiffs and against Acme Tile, Inc. d/b/a Acme Tile Co., Inc. (judgment debtor) was entered on November 16, 2005 and $14,382.21 plus enforcement costs and post judgment interest remains unsatisfied.

YOU ARE COMMANDED to produce at the examination: SEE ATTACHED listing and all other books, papers or records in your possession or control that may contain information concerning the property or income of, or indebtedness due, judgment debtor(s).

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtor or to which judgment debtor may be entitled or that may be acquired by or become due to judgment debtor and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to judgment debtor, until further order of court or termination of the proceedings. You are not required to withhold the payment of any money beyond double the amount of the judgment.

WARNING: YOUR FAILURE TO APPEAR IN COURT AS HEREIN DIRECTED MAY CAUSE YOU TO BE ARRESTED AND BROUGHT BEFORE THE COURT TO ANSWER TO A CHARGE OF CONTEMPT OF COURT, WHICH MAY BE PUNISHABLE BY IMPRISONMENT

### CERTIFICATE OF ATTORNEY

In the United States District Court for the District of Columbia on November 16, 2005 a Judgment in the amount of $14,382.21 plus interest was entered in favor of the above Plaintiffs and against Defendant Acme Tile, Inc. d/b/a Acme Tile Co., Inc. in Case No. 05-1052 (JDB) and a balance of $14,382.21 plus interest remains unsatisfied.

    I, the undersigned, certify to the Court, under penalties of perjury as provided by law, that all information stated herein is true.

Thomas E. Moss, Attorney No. 6181797      s/ Thomas E. Moss
Paul T. Berkowitz & Associates, Ltd.      Thomas E. Moss, Attorney for Plaintiffs
Suite 600, 123 West Madison Street
Chicago, IL 60602                         WITNESS: John Waters
(312) 419-0001                            by H. Kallister
(312) 419-0002 FAX                        Clerk United States District Court

**Clerk United States District Court Central District of Illinois**

_____ on oath states:

      I am over 18 years of age and not a party to this case. I served the Citation to Discover Assets, with enclosures, as follows:

on _____ by leaving a copy with him/her personally on _____, 2006 at the hour of _____ ___.m. at _____ (Street) _____ (City) _____ County, Illinois.
OR
on _____ by leaving on _____, 2006 at the hour of _____ ___.m. at _____ (Street) _____ (City) _____ County, Illinois, his/her usual place of abode with _____, a person of his/her family of the age of 13 or upwards informing that person of the contents of the Citation to Discover Assets, and also by mailing on _____, 2006, a copy of the Citation, with enclosures, in a sealed sending a true and correct copy on _____, 2006, by prepaid Registered Mail addressed to him/her, Return Receipt Requested, delivery limited to addressee only. The registry receipt signed by addressee on _____, 2006 is attached.

[attach receipt here]

                                                                            Signature

**SIGNED AND SWORN TO BEFORE ME
on _____, 2002

_____
Notary Public

** If service is made by sheriff, return may be by certificate rather than by sworn affidavit.

*********************************************************************************************
**Clerk United States District Court Central District of Illinois**
*********************************************************************************************

The requested documents include:

1. All bank books, check books, check registers, pass books, certificates of deposit, and bank statements relating to any kind of bank account whatsoever in which the defendant or any of its business entities had or has had any interest since January 1, 2004
2. All receipts, rental agreements, or other documents relating in any way to all safety deposit boxes to which the defendant or any of its business interests had or has had access since January 1, 2004.
3. All documents relating in any way to any brokerage or trading accounts, stocks, bonds, debentures, notes, commodities, accounts receivable, mutual funds, partnership interests, IRAs, 401 Ks, or any other investment in which defendant or any of its business interests has or had an interest, directly or indirectly, since January 1, 2004.
4. Full and complete copies of defendant's corporate federal tax returns for the years 2003, 2004 and 2005.
5. Any applications for credit cards and financial statements made by defendant since 2004.
6. All documents pertaining to any transfers of property made by defendant or any of its business entities since December 31, 2003, including any transfers for less than full consideration or other than at arms-length.
7. All leases, deeds, mortgages, and trusts relating in any way to real estate in which the defendant or its business entities has had any interest since December 31, 2003.
8. Any documents relating in any way to equipment and any other personal property owned by defendant or its business entities since December 31, 2003.
9. All documents relating in any way to any direct or indirect source of money received by defendant or its business entities since December 31, 2003.
10. All books, records, ledgers, and minutes relating in any way to any company owned, in whole or in part, by defendant or any of defendant's business entities.
11. All registrations and titles to any cars, trucks, or other motor vehicles in which defendant or its business entities has had an interest since December 31, 2003.
12. All contracts to which defendant or any of its business entities has been a party since December 31, 2003.
13. All documents relating in any way to accounts receivable in which defendant or its business entities has had an interest, directly or indirectly, since December 31, 2003.
14. All documents relating in any way to any other thing of value.
15. All documents concerning defendant's interest in any business, including its ownership or other interest or authority, its investment therein, its co-owners, its title and position, its income or other compensation, and other terms of contractual arrangement with such entity, in which defendant or its business entities has had an interest since December 31, 2003.
16. All documents concerning any real estate owned by defendant's or its business entities since December 31, 2003 including appraisals, mortgages, deeds and other relevant information on ownership, costs, value and encumbrances and co-owners.

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

### CITATION NOTICE TO DEFENDANT

JOHN FLYNN, JAMES BOLAND, GERALD O'MALLEY, KEN LAMBERT, )
GERALD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL )
SONGER, CHARLES VELARDO, MATTHEW AUILINE, GREGORY R. )
HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO AND BEN ) CASE NO. 06-MC-1007
CAPP, JR., as Trustees of, and on behalf of, the BRICKLAYERS & )
TROWEL TRADES INTERNATIONAL PENSION FUND, INTERNATIONAL ) Return Date: April 13, 2006
MASONRY INSTITUTE, INTERNATIONAL UNION OF BRICKLAYERS )
AND ALLIED CRAFTWORKERS,          Plaintiffs,   ) Time:  2:00 p..m.
              vs.                                )
                                                  )
ACME TILE, INC. d/b/a ACME TILE CO., INC., Defendant.  )

Judgment Debtor's last known:          Judgment Creditors

Name:   Acme Tile, Inc. d/b/a Acme Tile Co., Inc    Name:   Plaintiffs c/o Thomas E. Moss
        c/o Eugene C. Wyman, President.                    Paul T. Berkowitz & Assoc., Ltd.
Address: 12417 – 5th Street                         Address: Suite 600, 123 W. Madison St.
City/State/Zip: Pekin, Illinois 61554              City/State/Zip: Chicago, Illinois 60602
Phone: _____                      Phone:     (312) 419-0001

A Judgment in the amount of $14,382.21 plus interest was entered in the United States District Court for the District of Columbia on November 16, 2005 in favor of the above Plaintiffs and against Defendant Acme Tile, Inc. d/b/a Acme Tile Co., Inc. in Case No. 05-1052 (JDB) and a balance of $14,382.21 plus interest remains unsatisfied. The Judgment has been registered in this District.

Attorney for Judgment Creditor
Attorney No. 6181797
Thomas E. Moss
Paul T. Berkowitz & Associates, Ltd.
Suite 600, 123 West Madison Street
Chicago, IL 60602
(312) 419-0001
(312) 419-0002 FAX

Name of person to receive Citation: <u>Eugene C. Wyman, President, Acme Tile, Inc.</u>

NOTICE: The Court has issued a Citation against the person(s) named above. The Citation directs that person to appear in court to be examined for the purpose of allowing judgment creditor to discover income and assets belonging to the judgment debtor or in which the judgment debtor has an interest. The Citation was issued on the basis of a judgment against the judgment debtors and in favor of the judgment creditor in the amount stated above. On or after the court date shown above, the Court may compel the application of any discovered income or assets toward payment on the judgment.

The amount of income or assets that may be applied is limited by federal and Illinois law. THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR(S) WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT IN THE AMOUNT STATED ABOVE. (see reverse)

**********************************************************************************
Clerk United States District Court Central District of Illinois
**********************************************************************************
1.  Under Illinois or federal law, the exemptions of personal property owned by the debtor include

  the debtor's equity interest, not to exceed $2000 in value, in any personal property as chosen by the debtor.
2. Social Security and SSI Benefits;
3. Public assistance benefits;
4. Unemployment compensation benefits;
5. Workers compensation benefits;
6. Veteran's benefits;
7. Circuit breaker property tax relief benefits;
8. The debtor's equity interest, not to exceed $1,200 in value, in any one motor vehicle;
9. The debtor's equity interest, not to exceed $750 in value, in any implements, professional books, or tools of the trade of the debtor;
10. Under Illinois law, every person is entitled to an estate in homestead, when it is owned and occupied as a residence, to the extent in value of $7500, which homestead is exempt in judgment;
11. Under Illinois law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 15% of gross weekly wages or (ii) the amount by which disposable earnings for a week exceed the total of 45 times the federal minimum hourly wage;
12. Under federal law, the amount of wages that may be applied toward a judgment is limited to the lesser of (i) 25% of disposable earnings for a week or (ii) the amount by which disposable earnings for a week exceed 30 times the federal minimum hourly wage.
13. Pension and retirement benefits and refunds may be claimed as exempt under Illinois law. The judgment debtor may have other possible exemptions under law.

THE JUDGMENT DEBTOR HAS THE RIGHT AT THE CITATION HEARING TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH. The judgment debtor also has the right to seek a declaration at an earlier date, by notifying the Clerk in writing at the office of the Clerk of the U.S. District Court, 309 Federal Building, United States District Court, Central District of Illinois, 100 N.E. Monroe Street, Peoria, Illinois 61602. When so notified, the Clerk of the Court will obtain a prompt hearing date from the Court and will provide the necessary forms that must be prepared by the judgment debtor or his/her attorney and sent to judgment creditor and the judgment creditor's attorney regarding the time and location of the hearing.

<u>This Notice may be sent by regular first class mail.</u>

I certify that this Citation notice was sent by first class mail, postage prepaid to the judgment debtor on March 10, 2006.

Thomas E. Moss, Attorney No. 6181797    <u>s/ Thomas E. Moss</u>
Paul T. Berkowitz & Associates, Ltd.     Thomas E. Moss, Attorney for Plaintiffs
Suite 600, 123 West Madison Street
Chicago, IL 60602
(312) 419-0001
(312) 419-0002 FAX


      **Clerk United States District Court Central District of Illinois**

2