IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES FLYNN, JAMES BOLAND, GERALD O'MALLEY KEN LAMBERT, GERALD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, CHARLES VELARDO, MATTHEW AUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO AND BEN CAPP, JR. as Trustees of, and on behalf of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL MASONRY INSTITUTE, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS,<br>　　　　　　　　Plaintiffs,<br>　vs.<br>ACME TILE, INC. d/b/a ACME TILE CO., INC.<br>　　　　　　　　Defendant. | CASE NO.   06-MC-1007 |

**PLAINTIFFS' MOTION TO DISMISS CITATION AND VACATE HEARING**

Plaintiffs **JAMES FLYNN, JAMES BOLAND, GERALD O'MALLEY KEN LAMBERT, GERALD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, CHARLES VELARDO, MATTHEW AUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO AND BEN CAPP, JR.** as Trustees of, and on behalf of, the **BRICKLAYERS & TROWEL TRADES INTERNATIONAL MASONRY INSTITUTE, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS,** by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, hereby file their Motion to Dismiss Citation against the Defendant **ACME TILE, INC. d/b/a ACME TILE CO., INC.** and Vacate the Continued Hearing Date on the Citation, stating as follows:

1.  Plaintiffs own a Judgment dated November 16, 2005 against Defendant ACME TILE, INC. d/b/a ACME TILE CO., INC. The total of $14,382.21 plus post judgment interest is due to Plaintiffs.

2.  Plaintiffs previously filed their Citation to Discover Assets. [DE 4]. The initial asset examination of Defendant was conducted on May 9, 2006. United States Magistrate Judge John A. Gorman has continued the hearing on the citation several times to allow Plaintiff time to confirm that a payment by Defendant has not already paid the Judgment and for Defendant to produce bank statements and project records. The continued hearing on proceedings supplemental is now set for November 20, 2006.

3.  Plaintiff has provided Defendant with confirmation the Judgment remains unsatisfied. Attached as Exhibit "A" is a copy of Plaintiffs' July 28, 2006 letter providing the explanation of why a payment identified by Defendant was not for the debt underlying Plaintiffs' Judgment.

4.  Defendant has failed to produce his bank statements or project records. However, Plaintiff has obtained the bank records by serving a subpoena on South Side Trust & Savings Bank.

5.  Plaintiffs have now completed the asset examination. Plaintiffs therefore move to dismiss the citation and to vacate the pending hearing date.

WHEREFORE, Plaintiffs pray that an Order be entered that grants Plaintiffs' Motion to Dismiss Citation against Defendant Acme Tile, Inc. d/b/a

Acme Tile Co., Inc. and vacate the continued hearing date, and for all other relief the Court deems proper.

                                            Respectfully submitted,

                                            **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**

November 15, 2006            By /S/ Thomas E. Moss
                                              Plaintiffs' Attorneys

PAUL T. BERKOWITZ
& ASSOCIATES, LTD.
Suite 600, 123 West Madison Street
Chicago, IL 60602
(312) 419-0001
(312) 419-0002 Fax
Attorney No. 19025-49
Attorney No. 10204-45

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following: None.

This will also certify that a copy of the forgoing has been served on the following by U.S. mail, postage prepaid:

        Mr. Eugene Wyman
        Acme Tile, Inc. d/b/a Acme Tile Co., Inc.
        12417 - 5th Street
        Pekin, IL 61554


        /S/ Thomas E. Moss


PAUL T. BERKOWITZ
& ASSOCIATES, LTD.
Suite 600, 123 West Madison Street
Chicago, IL 60602
(313) 419-0001
(312) 419-0002 Fax
Attorney No. 19025-49
Attorney No. 10204-45

LAW OFFICES

# PAUL T. BERKOWITZ
&
## ASSOCIATES, LTD.

PAUL T. BERKOWITZ*
THOMAS E. MOSS**

*Also admitted in Indiana
Kentucky & Tennessee
**Also admitted in
Indiana

TELEPHONE 312 419-0001
FAX 312 419-0002
e-mail info@ptblaw.com

123 WEST MADISON STREET
SUITE 600
CHICAGO, ILLINOIS 60602

Teresa C. Padden, Office Manager
Jennifer M. Martino, Paralegal

EXHIBIT A

July 28, 2006

Mr. Eugene Wyman
Acme Tile, Inc. d/b/a Acme Tile Co., Inc.
12417 - 5th Street
Pekin, IL 61554

Re: **Bricklayers & Trowel Trades International Pension Fund, et al. vs. Acme Tile, Inc. d/b/a Acme Tile Co. Case No. 05-CV-1052 (JBD)**

Dear Mr. Wyman:

As you will recall, at the proceedings supplemental hearing before Magistrate Gorman on May 9, 2006, you raised the question of whether the payment mentioned in one of the two papers then produced by you (copies are attached as "A") is relevant to the Judgment entered against Acme Tile Co. in the present case. The payment was mentioned in the attached FAX dated October 22, 2001 from Dave Spiller of Gordon & Sweetland, P.C. wherein he states "2. My workpapers show the August 2001 contribution paid to the Fund was $17,798.55. There (sic) records show $18,219.43." Specifically, you wanted to know how the mentioned payment was applied and if it was to be properly applied to pay the debt represented by the Judgment, namely $14,382.21 (the "Judgment amount"). Your inquiry was forwarded to my clients' general counsel.

As an initial point, it must again be stated that the Judgment in the present case was entered in favor of the Bricklayers & Trowel Trades International Pension Fund, the International Masonry Institute and the International Union of Bricklayers and Allied Craftworkers (collectively herein the "**International Funds**").

My clients forwarded your inquiry to Mr. Spiller. I am enclosing a copy (marked "B") of a June 19, 2006 letter from David C. Spiller, C.P.A., now with Gordon, Stockman & Waugh, P.C., which responds to your inquiry (as forwarded by the general counsel) and confirms that the mentioned payment was properly NOT applied to satisfy the Judgment amount. Please note that Mr. Spiller makes the following points:

a.  In ¶ 2, he explains that he was hired to determine the hours worked and contributions due to the Local Pension Fund, Health & Welfare Fund and Vacation Fund. He did not perform any audit procedures for the International Funds, the judgment creditors in this case. (Said Local Pension Fund, Health & Welfare Fund and Vacation Fund are herein also referred to collectively as the "**local funds**". As you well know, they are separate entities from the "International Funds").

**EXHIBIT A**

LAW OFFICES
**PAUL T. BERKOWITZ**
&
ASSOCIATES, LTD.

Mr. Eugene Wyman  
Page two

July 28, 2006

b.    In ¶3, Mr. Spiller states he has no knowledge regarding any subsequent payments made by Acme. Further, amounts paid as a result of Spiller's work would have been for local Pension, Health & Welfare and Vacation Funds only.

These statements demonstrate that Spiller was concerned only with the local funds and amounts due, and payments to, the local funds. He was not dealing with any amounts due, or payments to, the International Funds. Therefore, his reference/inquiry in his October 22, 2001 FAX to the payment to the "Fund" could only concern a payment to the local funds. It does not refer to or evidence a payment by Acme to my clients.

Moreover, the timing of the mentioned payment indicates it could not be for the Judgment amount. In ¶1, Mr. Spiller states that the audit time period he was concerned with was July 2000 through August 2001. His FAX dated October 2001 is about a payment that had already been made for the August 2001 contributions. Although the Judgment does not identify the time periods for the delinquent contributions owed the International Funds, ¶¶ 15-17 of the Complaint in this case (upon which the default Judgment is based) state the delinquencies due the International Funds were for contributions and dues for the period from January 1, 2001 through December 31, 2003. Interest calculations extend through March 2005. Therefore, the bulk of the obligations to the International Funds constituting the Judgment amount were not yet known because the covered man hours on which they were based had not yet been worked. It is most unlikely that you would have made such a substantial advance payment around August 2001 for contributions not yet identified nor due the International Funds. This conclusion makes sense since papers you produced at the hearing to demonstrate your current dire financial circumstances also show that at the time of the reporting month for which Mr. Spiller identifies the mentioned payment (August 2001), you then owed the IRS a principal balance of almost $75,000.

I have also now spoken with Mr. Spiller. He again confirmed his auditor's role and interest was only as to the local funds. Mr. Spiller said his October 22, 2001 FAX to Acme identifying the mentioned payment was part of his effort to resolve a difference between the amount he found had been paid and the amount in the local funds' records as to the amount Acme paid the local funds for August 2001. The reference to the mentioned payment was unrelated to the International Fund.

In further explanation to me, Mr. Spiller said he had made a request to the local funds to verify his figures for amounts paid to the local funds for months in the audit period with the local funds' records on Acme's payments to the local funds for the same period. As part of this request for verification, Mr. Spiller sent his Payroll Analysis for the audit period to the local funds. The Payroll Analysis detailed the monthly amounts he had found Acme had paid to only the local funds. Jay Hopp of the Bricklayer's Benefit Funds (the local funds) verified the payment figures for all months except for the noted difference in the amount shown for the August payment. Mr. Hopp identified

**EXHIBIT A**

LAW OFFICES
**PAUL T. BERKOWITZ**
&
ASSOCIATES, LTD.

Mr. Eugene Wyman
Page three

July 28, 2006

the aforementioned $18,219.43 for August 2001. The difference in that amount compared with the amount ($17,798.55) shown in Mr. Spiller's workpapers (including the Payroll Analysis) was one point prompting his FAX to you. Mr. Spiller provided me with copies of Mr. Hopp's response and Spiller's own handwritten explanation to me. These papers are also enclosed and marked "C".

As you will note, in his explanation to me, Mr. Spiller says Acme (you) never responded to his inquiry on the difference in the amounts for August 2001. This failure is curious since it seems you would have had first hand information on the hours your men worked and the fringe benefits Acme paid to the local funds. Since he was auditing the company to identify any deficiency due from Acme, it would seem you would want him to have accurate information. Similarly, I would think you would know what funds were paid what amounts, and more particularly, what the mentioned payment was to pay. In any event, the foregoing now provides confirmation for you that the mentioned payment (whether it be $17,798.55 or $18,219.43) was only for Acme's obligations to the local funds. It is NOT to be properly applied to satisfy payments owed to the International Funds established by the Judgment amount.

Since our office only represents the International Funds and the mentioned payment was for the local funds only, I have not had any specific information to answer the second part of your inquiry, namely, how that August 2001 payment (to the local funds) was applied. Mr. Spiller again provided an explanation. He confirmed it would have been applied to only the local funds in satisfaction of the $8.05 hourly benefit package Acme was obligated to pay to the local Pension Fund, Health & Welfare Fund and Vacation Fund. Again, since you would have first hand knowledge of the hours worked, you should already have a good idea as to how any payment was to be applied. Anyway, I would respectfully suggest that you contact Mr. Spiller or the local funds if you require a more a detailed breakdown.

Now that the issue of the mentioned payment has been addressed, I would again remind you that Magistrate Gorman directed you to produce bank statements for your account with South Side Trust & Savings Bank and the receipts and payments related to the company's job in Champaign, Illinois. Several weeks ago you stated that the documents would be put in mail upon your return to the area the following week. I still have not received anything from you.

Sincerely,

Tom Moss

TEM/jmm
Enclosure

cc: Mr. I. Mitzner
    Mr. D. Spiller, CPA

# GORDON & SWEETLAND, P.C.

### CERTIFIED PUBLIC ACCOUNTANTS

TEL: 309-692-4030

8726 NORTH INDUSTRIAL ROAD
PEORIA, ILLINOIS 61615

EXHIBIT A

FAX: 309: 692-4159

## FACSIMILE (FAX) TRANSMITTAL

### COVER SHEET

FAX #: 346-0265

DATE: 10/22/01

TO: ACME Tile Co.
COMPANY

# OF PAGES INCLUDING TRANSMITTAL: 2

ATTENTION: Margie Wyman

FROM: Dave Spiller

RE: Bricklayers Contribution Reports

1. Can you identify hours by individual and by month that were for Arkansas jobs.

2. My workpapers show the August 2001 contribution paid to the fund was $17,798.55. There records show $18,318.43.

IMPORTANT NOTICE: THIS TRANSMISSION (INCLUDING ALL ATTACHED PAGES) IS INTENDED ONLY FOR THE USE OF THE NAMED ADDRESSEE(S), AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT A NAMED ADDRESSEE, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE DESTROY ALL COPIES AND NOTIFY US IMMEDIATELY AT THIS TELEPHONE NUMBER: (309) 692-4030.

"A"

"HIBIT A"

April 25, 2002

# Acme Tile Delinquent Hours

Total Hours not reported according to Gordon Sweetland Audit:     4,525

Minus 1,610 hours paid by Eugene C Wyman over 120 per month
Minus   840 hours paid by Eugene L Wyman over 120 per month
Minus   141 hours paid by Acme truck driver
Total  2,591                                                     2,591
Total hours short----------------------------------------------- 1,934


Total due would be 1,934 x $8.05 =     $15,568.70
Attorney fees to date =                    300.00
Late fringe penalties =                $ 3,000.00
**Total Due:**                         $18,868.70

"A"



**GORDON, STOCKMAN & WAUGH** P.C.

CERTIFIED PUBLIC ACCOUNTANTS & CONSULTANTS

EXHIBIT A

June 19, 2006

Claudette Elms
Dickstein, Shapiro, Morin & Oshinsky

Dear Ms. Elms:

Re: Acme Tile Co.

This letter is in response to your fax of June 16, 2006, regarding Acme Tile Co. The answers to your questions are as follows:

1. The time period covered by our agreed upon procedures engagement was July 1, 2000, through August 31, 2001.

2. Our engagement was for the purpose of determining hours worked and related contributions due to the Local Bricklayers Pension Fund, Health and Welfare Fund, and Vacation Fund. We did not perform any procedures relating to International Funds.

3. I have no knowledge regarding any subsequent payments made by Acme Tile Co. Amounts paid as a result of our engagement would have been for local Pension, Health & Welfare, and Vacation Funds only.

If you have any question, please contact me.

Sincerely,

GORDON, STOCKMAN & WAUGH, P.C.

*[signature]*

David C. Spiller, C.P.A.

DCS:mav

8726 N. Industrial Road, Peoria, IL 61615    PHONE 309.692.4030    FAX 309.692.4159
MEMBERS OF ILLINOIS CERTIFIED PUBLIC ACCOUNTANTS SOCIETY
MEMBERS OF AMERICAN INSTITUTE OF CERTIFIED PUBLIC ACCOUNTANTS

"B"

JUN-19-2006 08:40AM FROM- +3096924159  T-007  P.001/002  F-587

TEL: 309-692-4030  FAX: 309-692-4159



# GORDON, STOCKMAN & WAUGH P.C.

CERTIFIED PUBLIC ACCOUNTANTS & CONSULTANTS

EXHIBIT A

8726 NORTH INDUSTRIAL ROAD
PEORIA, ILLINOIS 61615

## -facsimile transmittal

To: Claudette Elmes          Fax: (202) 887-0689
From: Dave Spiller           Date: 6/19/06
Re: Acme Tile Co.            Pages: 2
cc:

☐ Urgent   ☐ For Review   ☐ Please Comment   ☐ Please Reply   ☐ Please Recycle

Attached is the information requested in your fax of 6/16/06.

CIRCULAR 230 DISCLOSURE: ANY TAX ADVICE INCLUDED IN THE FAX WAS NOT INTENDED OR WRITTEN TO BE USED, AND IT CANNOT BE USED BY THE TAXPAYER FOR THE PURPOSE OF AVOIDING ANY PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER BY ANY GOVERNMENTAL TAXING AUTHORITY OR AGENCY.

IMPORTANT NOTICE: THIS TRANSMISSION (INCLUDING ALL ATTACHED PAGES) IS INTENDED ONLY FOR THE USE OF THE NAMED ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT A NAMED ADDRESSEE, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE DESTROY ALL COPIES AND NOTIFY US IMMEDIATELY AT THIS TELEPHONE NUMBER: (309) 692-4030.

"B"

JUL-27-2006 02:05PM FROM- +3096924159 T-116 P.001/003 F-004

E-FILED
Friday, 17 November, 2006 12:01:27 PM
Clerk, U.S. District Court, ILCD



# GORDON, STOCKMAN & WAUGH P.C.

CERTIFIED PUBLIC ACCOUNTANTS & CONSULTANTS

TEL: 309-692-4030  
FAX: 309-692-4159

8726 NORTH INDUSTRIAL ROAD  
PEORIA, ILLINOIS 61615

**EXHIBIT A**

## -facsimile transmittal

To: Tom Moss    Fax: (312) 419-0003
From: Dave Spiller    Date: 7/27/06
Re: Acme Tile    Pages: 3
cc:

☐ Urgent  ☐ For Review  ☐ Please Comment  ☐ Please Reply  ☐ Please Recycle

Attached is a copy of a fax from Joy Hopp of Bricklayer's Benefit Funds. I had previously faxed the workpaper headed "Payroll Analysis" to the Fund asking them to verify the amounts paid with their records. They indicated "OK" after each month except August, 2001 for which their records show $18,219.43. ACME Tile never responded to my request regarding the difference.

Call me if you have additional questions.

*[signature: David Spiller]*

CIRCULAR 230 DISCLOSURE: ANY TAX ADVICE INCLUDED IN THE FAX WAS NOT INTENDED OR WRITTEN TO BE USED, AND IT CANNOT BE USED BY THE TAXPAYER FOR THE PURPOSE OF AVOIDING ANY PENALTIES THAT MAY BE IMPOSED ON THE TAXPAYER BY ANY GOVERNMENTAL TAXING AUTHORITY OR AGENCY.

IMPORTANT NOTICE: THIS TRANSMISSION (INCLUDING ALL ATTACHED PAGES) IS INTENDED ONLY FOR THE USE OF THE NAMED ADDRESSEE(S) AND MAY CONTAIN INFORMATION THAT IS PRIVILEGED OR EXEMPT FROM DISCLOSURE UNDER APPLICABLE LAW. IF YOU ARE NOT A NAMED ADDRESSEE, YOU ARE HEREBY NOTIFIED THAT ANY USE, DISSEMINATION, DISTRIBUTION OR COPYING OF THIS TRANSMISSION IS STRICTLY PROHIBITED. IF YOU HAVE RECEIVED THIS TRANSMISSION IN ERROR, PLEASE DESTROY ALL COPIES AND NOTIFY US IMMEDIATELY AT THIS TELEPHONE NUMBER: (309) 692-4030.

"C"

EXHIBIT A

Acme Tito Co
Reynold Brokers
9/20/01

| | Hours Per Report | Amounts Paid | | |
|---|---|---|---|---|
| July, 2000 | 691 | 5003.20 | | OK |
| Aug, 2000 | 690 | 5152.00 R | | OK |
| Sept, 2000 | 690 | 5152.00 R | | OK |
| Oct, 2000 | 570 | 4643.10 | | OK |
| Nov, 2000 | 400 | 3800.00 | | OK |
| Dec, 2000 | 720 | 5635.00 R | | OK |
| Jan, 2001 | 869 | 6955.20 R | | OK |
| Feb, 2001 | 668 | 4894.97 R | | OK |
| March, 2001 | 659 | 5676.95 R | | OK |
| April, 2001 | 743 | 6197.25 R | | OK |
| May, 2001 | 830 | 2285.50 | | OK |
| June, 2001 | 955 | 7205.75 | 744.75 | OK |
| July, 2001 (1.65) | 1180 | 8999.00 R | | OK |
| Aug | 1615 | 12968.55 R | | 18,214.43 |
| Hours from July | 396 | | | |

| H+W | 8.15 |
| Pension | 2.50 |
| Vacation | 1.00 |
| | 8.05 |

Re Recomputed

"C"

East Peoria, IL 61611-1785  
Phone: (309) 699-1232  
FAX: (309) 699-1131

EXHIBIT A

**Bricklayer's Benefit Funds**

To: David Spiller   From: Jay A. Hoff
Fax: 692-4159   Pages: Two
Phone:   Date: 10-22-01
Re:
REMARKS: Urgent   (For Your Review)   Reply ASAP   Please Comment

Dave!

THey all Look ok except we show $18,219.43 for august, 2001.

Jay

"C"

| TRANSMISSION VERIFICATION REPORT | |
|---|---|
| | EXHIBIT A |
| TIME | : 07/28/2006 11:52 |
| NAME | : PAUL T BERKOWITZ |
| FAX | : 3124190002 |
| TEL | : 3124190001 |
| SER.# | : BROL3J852764 |

| | |
|---|---|
| DATE,TIME | 07/28 11:49 |
| FAX NO./NAME | 13096924159 |
| DURATION | 00:03:18 |
| PAGE(S) | 11 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| JAMES FLYNN, JAMES BOLAND, GERALD O'MALLEY KEN LAMBERT, GERALD SCARANO, H.J. BRAMLETT, EUGENE GEORGE, PAUL SONGER, CHARLES VELARDO, MATTHEW AUILINE, GREGORY R. HESS, MICHAEL SCHMERBECK, VINCENT DELAZZERO AND BEN CAPP, JR. as Trustees of, and on behalf of the BRICKLAYERS & TROWEL TRADES INTERNATIONAL MASONRY INSTITUTE, INTERNATIONAL UNION OF BRICKLAYERS AND ALLIED CRAFTWORKERS,<br>Plaintiffs,<br>vs.<br>ACME TILE, INC. d/b/a ACME TILE CO., INC.<br>Defendant. | CASE NO.  06-MC-1007 |

**ORDER**

This matter is before the Court on an Motion to Dismiss Citation and Vacate the Continued Hearing Date [DE ___] filed by the Plaintiffs on November ___, 2006. By their Motion, Plaintiffs have advised the Court that Plaintiffs have completed the asset examination of Defendant and otherwise complied with this Court's Orders. Plaintiffs therefore have moved to dismiss the Citation and vacate the continued hearing date.

The Court, being duly advised, now **GRANTS** the motion to dismiss the citation against Defendant Acme Tile, Inc. d/b/a Acme Tile Co., Inc. and the Citation [DE4] is hereby dismissed. The Court further **ORDERS** that the November 20, 2006 hearing date is vacated.

SO ORDERED this ___ day of November, 2006.

s/ John A. Gorman
MAGISTRATE JUDGE JOHN A. GORMAN
UNITED STATES DISTRICT COURT

cc: All counsel of record